```
                       United States Bankruptcy Court
                       Western District of Washington
In re:                                                      Case No. 20-10936-MLB
Maziar Rezakhani                                            Chapter 7
       Debtor
                          CERTIFICATE OF NOTICE
District/off: 0981-2          User: admin            Page 1 of 1            Date Rcvd: Jun 23, 2020
                              Form ID: 318           Total Noticed: 16
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 25, 2020.
```
db          +Maziar Rezakhani,    17112 37th Ave W,    Lynnwood, WA 98037-7059
956812146   +Bankruptcy & Collections,    800 5th Ave,    Suite 2000,    Seattle, WA 98104-3188
956812151   +Capital One NA,    Payment Processing,    PO Box 17000,    Baltimore, MD 21297-1000
956812152   +Collection Bureau of Walla Wal,    224 E Poplar St,    Walla Walla, WA 99362-3031
956812154    IQ Data,    PO Box 340,    Bothell, WA 98041-0340
956812156   +Machol & Johannes,    2800 156th Ave SE,    Suite 105,    Bellevue, WA 98007-6555
956812148    US Attorney General,    US Dept of Justice,    950 Pennsylvania Ave. NW,
              Washington, DC 20530-0001
956812147   +United States Attorney,    700 Stewart St,    Suite 5220,    Seattle, WA 98101-4438
956812160   +Westlake Customer Care,    P.O. Box 76809,    Los Angeles, CA 90076-0809
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr          +EDI: QMPKLEIN.COM Jun 24 2020 07:03:00      Michael P Klein,    330 Madison Avenue S, Suite 110,
              Bainbridge Island, WA 98110-2544
smg          EDI: WADEPREV.COM Jun 24 2020 07:03:00      State of Washington,    Department of Revenue,
              2101 4th Ave, Ste 1400,    Seattle, WA  98121-2300
956812150    EDI: AMEREXPR.COM Jun 24 2020 07:03:00      American Express,    PO Box 981540,
              El Paso, TX 79998-1540
956812153    EDI: DISCOVER.COM Jun 24 2020 07:03:00      Discover Financial,    Attn: Bankruptcy Department,
              Po Box 15316,    Wilmington, DE 19850
956812155    EDI: JEFFERSONCAP.COM Jun 24 2020 07:03:00      Jefferson Capital Systems,    PO Box 7999,
              Saint Cloud, MN 56302-7999
956812157   +EDI: MID8.COM Jun 24 2020 07:03:00      Midland Funding LLC,    8875 Aero Dr, STE 200,
              San Diego, CA 92123-2255
956812149    EDI: IRS.COM Jun 24 2020 07:03:00      US Treasury,    PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                             TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
956812158     US Distriuct Court of WA
956812159*   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court:   US Treasury - IRS,    PO Box 21125,    Philadelphia, PA 19114)
                                                                                TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 23, 2020 at the address(es) listed below:
```
              Darrel B Carter    on behalf of Debtor Maziar  Rezakhani Darrel@cbglaw.com
              Michael P Klein    trusteeklein@hotmail.com,  kleinlaw133@hotmail.com,mklein@ecf.axosfs.com
              United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
                                                                                             TOTAL: 3
```

| | | |
|---|---|---|
| Debtor 1 | Maziar Rezakhani | Social Security number or ITIN   xxx–xx–5342 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN   _ _ _ _ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Western District of Washington | |
| Case number: | 20–10936–MLB | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Maziar Rezakhani
fdba NeoAce

6/23/20                                                **By the court:**   Marc Barreca
                                                                          United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**